Case 18-5301, Perley Winkler v. Mike Parris. Argument not to receive 15 minutes per side. Ms. Dollard-Smith may proceed to rebuttal. Mr. Winkler should be granted a new appeal under Ensminger v. Iowa for three reasons. First, just like an Ensminger, Mr. Winkler's counsel filed only a partial record with the appellate court. Second, just like an Ensminger, as a result, Mr. Winkler's core issues on appeal were unreviewable. And third, just like an Ensminger, without an adequate and effective review of the merits of his arguments on appeal, Mr. Winkler's conviction was affirmed. In denying Mr. Winkler relief, the state court acted contrary to Ensminger, and this court should reverse. A new appeal is also warranted for the separate and independent reason that Mr. Winkler can and has shown ineffective assistance of counsel under Strickland v. Washington. And this is demonstrated by two main facts. First, the state concedes in pages 21 and 20 of its brief that Mr. Winkler's counsel was deficient. Second, because it's reasonably likely that Mr. Winkler's arguments on appeal would have either excluded or seriously called into question the only material evidence against him, no reasonable court would affirm Mr. Winkler's conviction after reviewing the merits of those arguments. Accordingly- Can I ask you about the first argument? Sure. If an attorney- let's assume deficiency in both cases. An attorney strategically chooses not to pursue suppression, you have deficiency. An attorney doesn't file the suppression transcript, you have deficiency. So two different situations. One, I make a strategic choice. Second, I fail to file the transcript. Sure. Your argument would have us hold that in the first situation he has to show prejudice, but in the second situation he doesn't. It's presumed, right? That's correct. So what's the lot? I'm not sure I understand the logic behind that. And then aren't you- isn't the natural extension of your argument that any time an attorney forfeits an argument on behalf of his client, it's automatically presumed prejudice? No matter how bad the argument is. Okay, so I'll answer your first question first. We're presuming that counsel is deficient in failing to put forward a suppression argument on appeal. He would still have to show actual prejudice. And I think that's different than the case here because there's still arguably an adequate and effective review of the merits culminating in his conviction. There's still an argument for that. Wait, in which situation? Where counsel failed to go forward with an argument of suppression. But in both situations, assume there's two arguments. One's sufficiency, one's suppression. Sure. You're saying in the first situation he has to show actual prejudice where the counsel makes a strategic decision. But in the second situation we're going to presume prejudice. That's correct. But I guess it's hard to think of in the abstract here. I think where the two arguments would be suppression and sufficiency. In this case, the only evidence against Mr. Winkler and the only evidence provided by him. But now you're looking at the actual evidence which presumed prejudice doesn't do, right? Like if I'm presuming prejudice, I don't care how bad your argument is. I'm just presuming prejudice. As soon as you look at the evidence, you're moving into an actual prejudice world. Right. But I think in the first instance where counsel failed to put forward an argument and you're saying that's deficient, you necessarily would have to look at the evidence in that case. Whereas here, when you fail... Why wouldn't I necessarily have to look at it here? It's no different. I think it is different actually because here Mr. Winkler raised three arguments relating to his conviction on appeal. Two of them dealt with evidentiary objections, as you know. The third was sufficiency. Necessarily the first two arguments affect the court's analysis of the third. And especially in this case where... So are you limiting it then? And what's the basis of your limitation? So let's go back to the broader question. What's your answer to any time they forfeit an argument, we have to presume prejudice? And you mean by failing to file an adequate record or for whatever reason... For whatever reason they forfeit an argument. That they set forth in their appeal. And it's a good argument. We have to presume prejudice. Well, I don't think... I think there's two answers to that question. First, here that's not the case, right? Here we're presuming prejudice because there was three assignments of error asserted on appeal. And like I said, two of them relating to the admissibility of evidence or evidentiary assignments of error necessarily related to the third. This is exactly like an end-sminger. Wait, I understand what's going on in this case. And I'm sorry to interrupt you. We can discuss end-sminger in a second. But I want you to answer the first question, which is I still want to know where the line is. Like what line are you asking us to draw? Because right now if you read Flores-Ortega and Garza, it's the entire appeal is forfeited by failing... Those cases are failure to file a notice of appeal. Right. Okay. So now you're asking us to use end-sminger, which has been never cited for this proposition that I've seen. And we can discuss the underlying case in a minute, end-sminger. But to hold that a forfeited argument by attorney error, we presume prejudice. And what I'm asking is where is the line? In other words, here the argument was forfeited because the transcript wasn't filed. That's right. So the principle is forfeited argument, presume prejudice. Now where do I draw the line? Well, I don't think that we have to draw a line, right? We're here on habeas, so we're not extending end-sminger and making any line drawing determinations here. All we're saying is that the state court acted contrary to end-sminger when it found that Mr. Winkler was not entitled... Okay, so does end-sminger hold? Because you have to then show that clearly established loss. You have to show that end-sminger holds that a forfeited argument, right? You need this argument to win. So whether we're creating law or we're interpreting law, you need the argument that end-sminger holds that a forfeited argument, whenever counsel forfeits an argument, we presume prejudice. Well, I think in end-sminger it's a little different because the rationale in end-sminger was that the forfeited arguments that weren't reviewable because of the clerk's transcript did not sufficiently put the state's evidence and conviction to the test at the appellate court. Here the exact same thing happened. But here the whole trial transcript was filed. This is a separate hearing on a motion for a new trial. That's right. In end-sminger, the failure was akin to not filing a notice of appeal. Did you go back and read the Iowa Supreme Court's decision? I did. So it's one paragraph and all it says is we've reviewed whatever that transcript's called, which is really just the docket. Right. It's the court's orders, I think the indictment, the jury instruction. So that's akin to not filing a notice of appeal because you and I both know if you review a docket, you can't tell anything. Sure. Whereas here the trial transcript was filed. So why isn't that different? Well, I think that we're focusing on the wrong thing. We're focusing on what was reviewed. What end-sminger holds is that what was reviewed, regardless of what that is, the clerk's transcript or is here all the evidence, it wasn't sufficient to put the state's conviction to the test on appeal, which a petitioner or an appellant has a constitutional right to. Go ahead. You keep bumping up against the same argument that Judge Tappar raised, which is, yeah, the same could be true if I, as appellate counsel, fail to raise in my brief the winning argument. And we would say, well, we've got to look at whether there's actual prejudice from that. That would be insufficient. So let's say you have a dead-bang winner argument on, I don't care what it is, motion to suppress, and you don't raise it on appeal. We don't presume prejudice from that. We have to look at whether or not that argument would be a winner. Sure. And I think that... I'm having a hard time conceptualizing why your case is different. I understand. I think it's a little different in the sense that there is that kind of additional layer of deference. And I know you said we're presuming that it's deficient to not raise this argument. But here, I think that second layer of deference is completely missing, where counsel did put forward these winning arguments, but just didn't perfect his appeal. That's almost more akin, in my view, to not filing a notice of appeal than it is to choosing not to pursue a certain argument on appeal. But even if we're not going to presume prejudice here, Mr. Winkler has demonstrated actual prejudice under Strickland v. Washington as well. No reasonable court applying Strickland would have affirmed Mr. Winkler's conviction. First, there was very little evidence to begin with. The Tennessee Appellate Court's decision said the evidence was not overwhelming, even when viewed in the light most favorable to the prosecution. Let's talk about this, because you've got a 609. You've essentially got a prior conviction of a witness, and you've got a best evidence rule, which is a preference. It isn't even really a rule. It should be called best evidence preference. These are two evidentiary rulings made at the state, in the trial, which we're now viewing through all these levels of deference. I can't even figure out how much deference I need to get. So why isn't that? Why couldn't a state court reasonably have made these rulings? One, he heard the testimony of, I think it's Ms. Turpin. I'm sorry if I got the name wrong. He made an assessment. Was it a he, the district, the trial judge? I think it's a she. She made an assessment that the evidence, that was sufficient, under the best evidence rule, and she made an assessment on the prior conviction that she didn't want side trials, which district judges make all the time, and she looked at, I think it's rule 609, and over 10 years, not a crime involving dishonesty. Right. I think that the fundamental flaw in that approach is that we're using the wrong rules of evidence to analyze either the admission of the voicemail testimony or the exclusion of the conviction. Here, 404B is what should have applied, both to the voicemail. Why doesn't it go to motive? What? You're saying it's 404B, and I'm going to burn down the house. I know it's the neighbor's house, in that sense. But why wouldn't that go to motive? Because the whole government theory was, this was a Hatfield and McCoy situation. Right. Well, first, 404B is analyzed when you're putting something into the record for motive that's a prior bad act, i.e., a threatening voicemail. Sure, but if it goes to common scheme or plan or motive, then it's an exception, and it comes in. Right, but under Tennessee law, there are four required steps to a 404B analysis that the court failed to apply here. Can I just pause for one moment? Sure. I thought this evidence was only offered to impeach the witness, not as substantive evidence. Which evidence are you talking about, the conviction of the witness or the voicemail evidence? Oh, I'm sorry. I was talking about the conviction. So you're saying, I thought you were saying that the conviction evidence should have been analyzed under 404B. That's not what you're saying. I'm saying both should have been analyzed. Well, but if it's impeachment, why would we be going to 404B? I see that I'm out of time, but I'd love to answer your question. Here, under Rule 609, that governs when convictions can come in to show that someone's more likely to be a liar. Here, we were showing that he had motive on the night in question to lie because, as a felon, he was not legally able to... That wouldn't be 404B. You're just saying under 403 it should come in. Well, I'm saying a prior bad act, as in having a conviction. And there is Tennessee case law that has analyzed whether convictions can be analyzed under 404B for purposes of showing motive of a witness. But I thought that's usually against a defendant. When you're talking about those cases, those have to do with a defendant, not a witness. Do you have a case that has to do with a witness in 404B? Because my understanding of your argument, and you should tell me if I'm wrong, is this guy, Sen... Is Sen his first or last name? His last name. Okay, Mr. Sen. He had a motive to lie, and the motive to lie is highly relevant because it's why he concocted this whole story. And his motive was he's a convicted felon in possession of a firearm. And so it's highly relevant, and the prejudice is low because he's not on trial to begin with, so he's not... It's just a witness. And that's what I thought your argument was,  This witness and his motive to lie, it has nothing to do with the crime having to do with honesty, dishonesty. And so why are you trying to pigeonhole yourself? It seems harder for you to get in through 404B versus just arguing, Hey, this is highly relevant under 403. Sure. I mean, I think either way, 609 does not apply, and you're absolutely correct that that's why we wanted to put in the evidence of the conviction to show he had motive to lie about what happened on the night, and he, in fact, did lie on the stand about being a felon. And all I'm saying is that the appellate court's review of these evidentiary decisions would not have been an abuse of discretion standard because the 404B analysis was not appropriately applied. And under state law in Tennessee, there's no deference afforded to decisions that are made in that fashion. Any further questions? Thank you very much, counsel. May it please the court. I'm Austin Watkins from the Tennessee Attorney General's Office, appearing on behalf of the warden in this habeas corpus action. The decision of the district court in this case should be affirmed because it properly afforded, at pedeference,     The defendant, who is a felon, was not guilty of the crime. The defendant, who is a felon, did not receive ineffective assistance of counsel on direct appeal. That decision was correct because the state court's decision applying Strickland v. Washington was not objectively unreasonable. As this court is well aware, Strickland imposes a two-prong analysis for ineffective assistance claims, one being whether or not the attorney's conduct constituted deficient performance, and the other being whether or not the defendant suffered actual prejudice as a result of his attorney's conduct. In this case, your honors, the state court's, both the... Can I ask you, in brief, and I know you just do this in passing, you argue forfeiture, but it seems to me in reviewing his petition, he pretty clearly argued both actual and presumed prejudice. Your honor, that is true. We dropped this in a footnote mainly to point out that there, it's a little, we didn't fully respond to some of the arguments that we're raising now because the pro se petitioner primarily cited only presumed prejudice cases. You admit he was pro se and he did cite Strickland and he did discuss how he was actually prejudiced in his habeas petition. Your honor, the state's position would be that he did not actually discuss how he was actually prejudiced. He argued how he was, should receive presumed prejudice, but it does appear that he was trying to get before the court the same claim that he exhausted in the state courts, which was that he received ineffective assistance, and in the state courts they applied Strickland. But we give it a more liberal construction than an attorney and he does say this is highly prejudicial to the petitioner as this lack of action on the part of trial counsel. Yes, your honor. Yes, your honor. That sounds like actual prejudice to me. Sure, and we would understand if the court doesn't want to apply a procedural bar in this situation. Okay, so moving to the, and I want to discuss presumed prejudice with you as well, but moving to the actual prejudice since you started with that. Why isn't your friend on the other side right that this isn't a 609 analysis, this is a 403 analysis, and under 403 this is highly relevant. In other words, he's the key witness and he has a motive to concoct this whole thing because he's a felon in possession of a firearm who fired it eight times. Two points, your honor. First, primarily this was argued as a 609 issue in the trial court. There was a 609 hearing and there was a proffer regarding what his prior record was. There was impeachment with the actual record. They called in a clerk from a county to talk about whether it was actually a felony conviction. That's a great point and if the record shows that then I stand. It was represented by counsel, of course. Yes, your honor. Then I stand corrected. So, but why did he not make an argument that hey, I thought he did that this is this guy's motive to lie. Your honor, that argument was made and it wasn't explicitly fleshed out what the basis for that argument was. Respondent's position would be that it was actually made in context of part of the 609 issue. Part of the 609 inquiry is whether for stale convictions, there's a question of under state law that a stale conviction can be admitted if there is a finding by the trial court   Is there a situation here where the specific facts of this particular conviction go to credibility that would substantially outweigh unfair prosecution? Your honor, that's not So the respondent's position And I understand all the levels of deference create a lot of problems for your friends, but why isn't that argument valid? Yes, your honor, and that was where I was going to. The position here would be one, that that is not the 609 inquiry. The 609 actually looks at whether the prior conviction, felony conviction for reckless endangerment, does that bear on credibility? And the actual conviction itself doesn't have anything to do with truthfulness. You're viewing it in a vacuum versus looking at the bigger picture and I think you have an obligation as a trial judge to look at the bigger picture and say look, what they're really getting at is not what 609's aimed at excluding. 609's aimed at excluding old convictions because we believe in rehabilitation and allowing in convictions for dishonesty because we want honest witnesses. Yes, your honor. This conviction has nothing to do with that. They don't care about the underlying conviction, what it was. They just care that you have a felony conviction because they want to show you had a motive to lie in this case. So for example, if we actually just did the 403 analysis then, there is some probative value but your honor, if you look at the entire record, the theory that this victim created all of this, he dashed his house and his vehicles and gasoline to create, to hide over the fact that he allegedly for some odd reason was shooting a firearm at 4 a.m. in the morning when no one else called the police but his girlfriend, there is really not a strong narrative that supports the claim that he would have made this up strictly to protect the fact that he shouldn't have had a firearm. And would it have been a defense to his, say he had been arrested and prosecuted for being a felon in possession, would it have been a defense to being a felon in possession that he was acting in defense of others or self-defense or defense of property or whatever the specifics of what the affirmative defense would be, your honor, frankly, that could be argued. It seems like kind of a weird thing. I'm going to tell the police that I've got this gun. Your honor, it seems weird primarily because not only did it seem an appropriate use of the gun even if it was in self-defense, he claims that he stepped out, the perpetrator started running and then he emptied a clip in the woods at them. At some point, it may have still been reckless endangerment. He may not have actually been using it in a protected manner. If we look at the whole record and the facts, that theory is just really far-fetched. That diminishes the probative value, your honor. A second thing that I think is important that the court highlighted is the trial court's basis of its 609 conviction. That argument I think is beside the point because you just give a limiting instruction. If he has a prior conviction, no one's contesting. You're not contesting he has a prior conviction, right? There was some debate at the trial court  it was a felony or a misdemeanor. But he has a prior conviction. Yes, your honor. That would be if the defense would still have the obligation to demonstrate that to the trial court's status. Yes, your honor. And the trial court didn't exclude it because of that, I thought. I thought the trial court excluded it on 609 grounds and then said what you said about the side issues. But the reality is the trial court could figure that out ahead of time. And if it was a felony, then it was a felony. And the defense becomes about this putting the victim on trial. Not if it's motive to lie. I understand your argument. There's a lot going on here and there's a lot of deference going on. Whatever would be most helpful for your honor. I can keep talking about this. But the Supreme Court said we're going to presume prejudice in that situation. Your honor, a couple things. One is it does appear to be factually distinguishable and that is pretty plain. I understand the way you're going to say well, we filed the complete transcript here. The reality is a substantial portion, the way I read it, when you leave a substantial portion out, the Supreme Court said doing so, counsel had taken all hope of any effective appeal at all away from the defendant. And why isn't that going on here under the petitioner's theory? Your honor, in this situation, there was an appellate review. There were two out of four issues received plenary review, sufficiency of the evidence, as well as a sentencing issue. There were two evidentiary issues that were deemed waive and got plenary review. Right, but they're saying, hey, had we excluded this testimony about the phone call and had we won on this 609 issue, then the evidence wouldn't have been sufficient. That's not correct, your honor, and I would like to correct that. Based on state law, the sufficiency of the evidence analysis would go based on assuming that those items were properly admissible. So even if the court had given full review of the evidentiary issues, said these  improperly admitted, it still would have done a sufficiency analysis that included the improperly admitted evidence. And I've got a citation for your honor, State v. Gilley, Reporter 297, Southwest 3rd, page number 3, review. And so  to Intsminger, your honor, in this situation, this is far different. This was a non-page motion for new trial transcript. Three pages of the non-pages discussed the issues. The other six were basically courtroom noise and logistics. This was not a substantial portion of the transcript. Even though the state court's very technical application of this waiver rule resulted in the waiver of these two issues. Why couldn't the court of criminal law have a more comprehensive application of the waiver rule? Can I ask you a question related to Intsminger? What if you only filed one claim and the transcript was relevant to that claim and you don't file the transcript? So one claim, all I've got to  is that if you don't file the transcript, then would I presume prejudice? No, your honor. And the state's position is that you don't file a notice of appeal, you presume prejudice. If you file a notice of appeal, you don't presume prejudice. If you file a notice of appeal, then you don't presume prejudice. Your honor, the state's response position is this, if you look at Intsminger, which has only been cited once by the Supreme Court, there is a right to effective assistance of counsel on appeal. There Intsminger was cited alongside repeatedly with Anders. If you look at the Supreme Court's evolving jurisprudence for presumed prejudice in Intsminger, there   right to    counsel on  If you look at the Supreme Court's evolving jurisprudence for presumed prejudice in Intsminger, there is a right to effective assistance of counsel on appeal.   look at the Supreme Court's evolving jurisprudence  presumed prejudice in Intsminger, there is a right to counsel on appeal. If you look at  look at the  Court's evolving jurisprudence for is a right to  appeal. If you look at the Court's